# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 06-20321

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

SCOTT YEAGER,

> Defendant - Appellant

------------------------------------------------

> Consolidated with
> Case No. 06-20593

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

REX SHELBY,

> Defendant - Appellant

------------------------------------------------

> Consolidated with
> Case No. 06-20691

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

JOSEPH HIRKO,

> Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-00093-6

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

On June 18, 2009, the Supreme Court of the United States vacated the Fifth Circuit's judgment in *United States v. Yeager*, 521 F.3d 367 (5th Cir. 2008) (*Yeager II*) and remanded the case for further proceedings consistent with its opinion. *Yeager v. United States*, 129 S. Ct. 2360 (2009) (*Yeager III*). In light of the Supreme Court's decision, the Government has filed a motion requesting that supplemental briefing be allowed on the issue of collateral estoppel. The Government argues that a hearing is necessary to reconsider other possible grounds for the jury's acquittals. Its motion states that "any further prosecution of Yeager on the mistried counts will be barred by the Double Jeopardy Clause if this Court does not revisit its factual analysis at this stage." However, it urges us to reexamine the record notwithstanding that we have previously made an examination of the entire record and conducted the required analysis under *Ashe v. Swenson*, 397 U.S. 436 (1970).

The Supreme Court in *Yeager III* held that the apparent inconsistency between a jury's acquittals on some counts and inability to return a verdict on

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other counts does not prevent the preclusive force of the acquittals under the Double Jeopardy Clause. The Court overruled the holding in *United States v. Larkin*, 605 F.2d 1360 (5th Cir. 1979) that required our circuit to consider hung counts in a collateral estoppel analysis. In examining Yeager's situation, the Supreme Court applied the reasoning under *Ashe*, which prevents the relitigating of any issue decided by a jury's acquittal in a prior trial, to conclude that the inconsistency between the acquittals and hung counts has no bearing on a court's collateral estoppel analysis.

In *Yeager II*, the panel first made a de novo factual determination of the entire record as required by *Ashe* and found that in acquitting Yeager, the jury must have made a finding that Yeager did not have any insider information at the conference, and thus, did not have insider information when he later conducted his trades. Accordingly, the panel concluded that this factual determination would normally preclude retrial for insider trading. But under *Larkin*, the panel went on to consider the hung counts and determined that it was impossible "to decide with any certainty what the jury necessarily determined," thereby preventing application of collateral estoppel. *Yeager II*, 521 F.3d at 378. Today, freed from the chains of *Larkin* it is clear under our initial *Ashe* analysis the jury made a finding in acquitting Yeager that precludes prosecution on insider trading and money laundering. We are satisfied that the panel conducted a proper review of Yeager's claim and the required collateral estoppel analysis under *Ashe* and will not do so again. We decline the invitation to revisit our settled findings.

The motion of the Appellee to allow supplemental briefing is DENIED, and the case is REMANDED to the district court with instructions to enter judgments of acquittal as to all counts of the indictment.

REMANDED.